## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT ANTHONY and MARK BARLETTER | DOCKET NO: |
| Plaintiffs | |
| v. | JUDGE: |
| WAYNE'S TRUCK SERVICE, INC. | |
| Defendant | MAGISTRATE: |

## COMPLAINT

**NOW COME** Plaintiffs Robert Anthony and Mark Barletter, through undersigned counsel, who respectfully allege as follows:

### I.     INTRODUCTION

This is an action to recover unpaid overtime wages under the Fair Labor Standards Act (29 U.S.C. 201, *et. seq.*) earned by Plaintiffs during their employ with Defendant. Plaintiffs are non-exempt employees who worked in excess of 40 hours per week for the years they were employed by Defendant. The Defendant misclassified Plaintiffs as independent contractors and refused to pay Plaintiffs overtime wages. Plaintiffs made demand to Defendant for wages owed and they were refused.

### II.     PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Robert Anthony is a person of the full age of majority and a Louisiana resident domiciled in Tangipahoa Parish, Louisiana.

2. Plaintiff Mark Barletter is a person of the full age of majority and a Louisiana resident domiciled in Tangipahoa Parish, Louisiana.

3. Made Defendant is Wayne's Truck Service, Inc., a domestic business corporation authorized to do and doing business in the State of Louisiana, and the Eastern District of Louisiana.

4. Jurisdiction is conferred upon this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, which exists over Plaintiffs' FLSA claims.

5. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in the Eastern District of Louisiana and the acts and omissions complained of in the Civil Action occurred in the Eastern District of Louisiana.

### III.   FACTS

6. Plaintiff Robert Anthony was employed with Wayne's Truck Service, Inc., as a diesel mechanic, from August 2016 until August 2020 when he resigned. His general duties included diagnosing and repairing diesel engines. As such, he was a non-exempt employee for purposes of the FLSA.

7. Plaintiff Mark Barletter was employed with Wayne's Truck Service, Inc., as a diesel mechanic, from May 2018 until July 2020 when he resigned. His general duties included diagnosing and repairing diesel engines. As such, he was a non-exempt employee for purposes of the FLSA.

8. Throughout their employment, Plaintiffs would generally work 50 hours per week at an hourly rate ranging from twelve to twenty-two dollars ($12.00 - $22.00) per hour.

9. Despite the significant number of overtime hours worked, plaintiffs were never paid for their overtime in violation of 29 U.S.C. § 207.

10. In April 2020, Plaintiffs learned that they were entitled to be paid overtime under the law. When they each separately spoke to, Mr. Wayne Lucido and Mrs. Mildred Lucido, the

owners of Wayne's Truck Service, Inc., about what they learned, they were informed by the Lucidos that Wayne's business practice was to not pay overtime wages.

11. As a result of the Defendant's refusal to pay Plaintiffs' lawful wages, Plaintiffs suffered emotional distress and anxiety.

### IV.   CLAIM FOR VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et. seq.*

12. Plaintiffs incorporate herein all prior paragraphs of this Complaint as if copied herein *in extenso*.

13. Defendant has violated the FLSA by requiring Plaintiffs to work overtime for each of the seven-day periods they were employed and not compensating them for their overtime at one and a half (1 &1/2) times their average hourly rate in violation of 29 U.S.C. § 207.

14. Plaintiffs made amicable demand for payment of their unpaid overtime wages, which was refused by Defendant.

15. Defendant's refusal to pay plaintiffs' overtime wages was a willful violation of the law.

16. Pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to file the instant lawsuit to recover their unpaid overtime wages, as well as liquidated damages, costs, and attorney's fees.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays judgment be entered against Defendant for a willful violation of the FLSA, awarding damages in an amount sufficient to adequately compensate Plaintiffs for their earned overtime wages, liquidated damages, emotional distress damages, costs and attorney's fees as provided by the FLSA, legal interest thereon from date of judicial demand until paid, all costs of this suit, and for all other general and equitable relief deemed appropriate by this Court or allowable by law.

Dated: October 29, 2020

                                                **STERNBERG, NACCARI & WHITE, LLC**

                                                */s/ Natalie K. Mitchell*
                                                **NATALIE K. MITCHELL,** La. Bar No. 32599
                                                **M. SUZANNE MONTERO,** La. Bar No. 21361
                                                **SCOTT L. STERNBERG**, La. Bar No. 33390
                                                935 Gravier Street, Suite 2020
                                                New Orleans, Louisiana 70112
                                                Telephone: 504.324.2141
                                                Facsimile:   504.534.8961
                                                natalie@snw.law | suzy@snw.law | scott@snw.law